[No. A139104. First Dist., Div. Five. Mar. 30, 2015.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE SCOTT HUGGINS, JR., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II. and III.

716

**Counsel**

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Assistant Attorney General, Jeffrey M. Laurence and Victoria Ratnikova, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIMONS, J.**—The Penal Code requires corroboration for the testimony of an accomplice (Pen. Code, § 1111)[1] and an in-custody informant (§ 1111.5). In the published portion of this opinion we address a question of first impression: May an accomplice and in-custody informant corroborate each other? We conclude they may. In the unpublished portion of the opinion, we correct certain sentencing errors and otherwise affirm.

## BACKGROUND

We recite only the facts relevant to this appeal. In June 2010, appellant George Scott Huggins, Jr., and his then girlfriend, Althea Housley, robbed Ivan Gomez and Margarita Bermudez in Oakland. Appellant shot Gomez during the robbery. The following month, in Oakland, appellant and Housley robbed Hai Huang and Jinghong Kang. During the robbery, appellant shot Kang in the chest and killed him. Appellant received $10, a Chase card, and a GPS system from the second robbery.

Housley was initially charged as a codefendant in this case. Prior to trial, she entered into a plea agreement providing a reduced sentence in exchange for her testimony at appellant's trial. Housley testified that she and appellant committed the two robberies described above and that appellant shot Gomez and Kang.

Larry Houser testified for the prosecution in exchange for a reduced sentence for an unrelated crime. Houser met appellant before the robberies. Houser never met or spoke with Housley. After appellant's arrest, he and Houser, who was also in custody at that time, were placed in adjacent cells. Appellant and Houser spoke through a vent and through their cell doors. Appellant told Houser that he shot a "Mexican" man and a "Chinese" man while robbing them with his girlfriend; the crimes occurred in Oakland on different days; he shot the Chinese man in the chest; the Chinese man died; and appellant got $10 during the robbery of the Chinese man.

The prosecution presented surveillance video footage from the vicinity of the July robbery showing two individuals walking up a street right before the attack and the same individuals running in the opposite direction right after the shooting. The pair in the video were identified by Huang as the robbers who had shot Kang, and by a close friend of Housley's as Housley and appellant. The prosecution also presented evidence that Housley's fingerprint was found at the scene of the July robbery and that casings found at the scene of the two robberies were fired from the same weapon.

---

[1] All undesignated section references are to the Penal Code.

Appellant was convicted of one count of murder (§ 187, subd. (a); count 1), one count of attempted second degree robbery (§§ 211, 664; count 2), and two counts of second degree robbery (§ 211; counts 3 & 4). Allegations that appellant personally and intentionally discharged a firearm and caused great bodily injury or death were found true as to all counts, and the special circumstance that the murder was committed during a robbery was found true as to the murder count.

## DISCUSSION

### I. Accomplice and In-custody Informant Testimony Corroboration

Appellant requested, and the trial court refused, an instruction that an accomplice and an in-custody informant cannot corroborate each other's testimony. Appellant contends the trial court erred. We disagree.

Section 1111 provides, in relevant part: "A conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." "[O]ne accomplice may not corroborate another . . . ." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1132 [36 Cal.Rptr.2d 235, 885 P.2d 1].)

In 2011, the Legislature enacted section 1111.5, which provides: "(a) A jury or judge may not convict a defendant, find a special circumstance true, or use a fact in aggravation based on the uncorroborated testimony of an in-custody informant. The testimony of an in-custody informant shall be corroborated by other evidence that connects the defendant with the commission of the offense, the special circumstance, or the evidence offered in aggravation to which the in-custody informant testifies. Corroboration is not sufficient if it merely shows the commission of the offense or the special circumstance or the circumstance in aggravation. Corroboration of an in-custody informant shall not be provided by the testimony of another in-custody informant unless the party calling the in-custody informant as a witness establishes by a preponderance of the evidence that the in-custody informant has not communicated with another in-custody informant on the subject of the testimony. [¶] (b) As used in this section, 'in-custody informant' means a person, other than a codefendant, percipient witness, accomplice, or coconspirator, whose testimony is based on statements allegedly made by the defendant while both the defendant and the informant were held within a city or county jail, state penal institution, or correctional institution. Nothing in this section limits or changes the requirements for corroboration of accomplice testimony pursuant to Section 1111."

Appellant does not dispute that the plain language of the statutes does not prohibit an in-custody informant and an accomplice from corroborating each other's testimony. He points, however, to the last sentence of section 1111.5 and argues that the reference to section 1111 coupled with the prohibition of an accomplice's testimony being corroborated by another accomplice "leads to the conclusion" that an accomplice and an in-custody informant cannot corroborate each other's testimony. We disagree.

■ Section 1111.5 explicitly provides that its terms do not "limit[] or change[]" the accomplice testimony corroboration requirements. Before the enactment of section 1111.5, *People v. Williams* (1997) 16 Cal.4th 153, 201, 246 [66 Cal.Rptr.2d 123, 940 P.2d 710] (*Williams*) approved the use of testimony by an in-custody informant to corroborate the testimony of an accomplice. Further, we note appellant does not argue that in-custody informants could not corroborate accomplice testimony prior to the enactment of section 1111.5. Therefore, section 1111.5 by its own terms preserved the ability of an in-custody informant to corroborate an accomplice's testimony.

■ In addition, section 1111.5 should not be read to preclude an accomplice from corroborating an in-custody informant's testimony. The Legislature could have easily included such a prohibition when enacting section 1111.5. That the Legislature prohibited corroboration by another in-custody informant except under certain circumstances, but declined to prohibit corroboration by an accomplice, strongly suggests the Legislature did not intend to prohibit the latter. (*People v. Guzman* (2005) 35 Cal.4th 577, 588 [25 Cal.Rptr.3d 761, 107 P.3d 860] ["Under governing principles of statutory construction, 'the expression of one thing in a statute ordinarily implies the exclusion of other things.' "].)

■ To the extent that appellant urges us to impose a judicially created rule that accomplices and in-custody informants cannot corroborate each other's testimony because both are self-interested, we decline to do so. Appellant argues such a rule is akin to the judicially created rule that an accomplice's testimony cannot be corroborated by another accomplice. However, " '[g]enerally, "doubts about the credibility of [an] in-court witness should be left for the jury's resolution." ' " (*People v. Hovarter* (2008) 44 Cal.4th 983, 996 [81 Cal.Rptr.3d 299, 189 P.3d 300] (*Hovarter*).) Moreover, as noted above, our Supreme Court implicitly rejected appellant's argument prior to the enactment of section 1111.5 by finding an in-custody informant could corroborate an accomplice's testimony. (*Williams, supra,* 16 Cal.4th at pp. 201, 246.) ■ Finally, while section 1111 is silent with respect to any limits on permissible corroborating witnesses, section 1111.5 precisely defines those witnesses who may not corroborate an in-custody informant's testimony. Appellant has provided no authority for us to impose a rule precluding

accomplices and in-custody informants from corroborating each other's testimony. (Cf. *Hovarter, supra,* at p. 996 ["no rule of evidence authorized the trial court to exclude [an in-custody informant's] testimony merely because his character was reprehensible and he had a motive to lie"].) The trial court's decision to deny the requested corroboration instruction was correct.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is modified to (1) reflect the base term for count 2 is eight months; (2) reflect the base term for count 4 is one year; and (3) delete the award of 157 days of presentence conduct credits. As so modified, the judgment is affirmed. The trial court is ordered to prepare and forward to California's Department of Corrections and Rehabilitation an abstract of judgment modified accordingly.

Jones, P. J., and Bruiniers, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 8, 2015, S226350.

---

*See footnote, *ante,* page 715.